UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRIST'S CHURCH, RYE,

                Plaintiff,

      -against-

FEDERAL INSURANCE COMPANY,

                Defendant,
------------------------------------------------------------X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Civil Action No.: 7:24-cv-02012-KMK-JCM

WHEREAS, Plaintiff Christ's Church Rye ("Plaintiff") and Defendant Federal Insurance Company ("Defendant") (together, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures (hereinafter referred to collectively as the "Confidentiality Stipulation and Protective Order") shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

    1.    Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for the prosecution or defense of the claims or defenses in this action, determination of insurance coverage, or to comply with the law, including applicable

regulations, or for accounting, auditing, or reinsurance purposes only. The Confidential Information shall not be used for any other purpose, including without limitation any personal, business-related, marketing-related, or other purpose.

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Confidentiality Stipulation and Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. The Parties agree not to disclose any Confidential Information and/or any documents designated as "CONFIDENTIAL" to any person, except:

    a. The requesting Party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Defendant's insurers, reinsurers, retrocessionaires, auditors, regulators, accountants, employees, agents, and/or claim handlers, who, by virtue of their position and/or responsibilities, have need for the Confidential Information;

    d. Plaintiff's auditors, accountants, employees, and/or agents, who, by virtue of their position and/or responsibilities, have need for the Confidential Information;

    e. The Court (including any mediator, referee or special master, court reporter, support staff or administrative personnel, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

      f.    Consultants or experts and their support staff assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel.

The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.    Inform the person of the confidential nature of the information or documents;

      b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.    Require each such person, other than such persons designated in subparagraphs Paragraph 4a through 4e, to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Confidentiality Stipulation and Protective Order.

7.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and

defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the Parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or, upon permission of the producing Party, destroyed, except to the extent such return or destruction would require Defendant to violate insurance regulations and/or law governing maintenance of claim or loss records. If Defendant is precluded by law or regulation from returning or destroying Confidential Information within 30 days after entry of final judgment no longer subject to further appeal, then Defendant shall return to the producing Party or certify the destruction of any Confidential Information promptly after

the expiration of any statutory or other period required by law governing Defendant's maintenance of such Confidential Information, and in no event later than 30 days thereafter.

11. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Should a Party receive a subpoena that calls for production Confidential Information produced by another Party, it shall promptly notify the producing Party of such subpoena so as to allow the producing Party sufficient time to obtain an appropriate injunction or other protective remedy and shall fully cooperate with the producing Party and/or its counsel in obtaining such injunction or other protective remedy.

**SO STIPULATED AND AGREED.**

Dated: __August 6__, 2024

__/s/ Dennis Artese, Esq.__  __/s/ Marianne May, Esq.__
Counsel for Plaintiff   Counsel for Defendant

SO ORDERED.

_Judith C. McCarthy_
JUDITH C. McCARTHY   8-6-2024
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHRIST'S CHURCH, RYE,

        Plaintiff,

-against-

FEDERAL INSURANCE COMPANY,

        Defendant,
-----------------------------------------------------------X

**NON-DISCLOSURE AGREEMENT**

Civil Action No.: 7:24-cv-02012-KMK-JCM

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the Party or attorney from whom I received it, or upon permission of the producing Party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____, 2024

_____
Name (printed)

_____
Signature